UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
INJAH TAFARI,

                    Plaintiff,

    -v-

PAUL W. ANNETS, ET AL.,

                    Defendants.
------------------------------------------------------------------x

ORDER
06-cv-11360 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* plaintiff, Injah Tafari, is an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). Plaintiff filed his amended complaint alleging, pursuant to 42 U.S.C. § 1983 and the First, Eighth and Fourteenth Amendments of the Constitution, that defendants violated his right to the free exercise of religion, inflicted cruel and unusual punishment, and engaged in racial discrimination. Petitioner alleges: (1) that he was denied Kosher meals while in transit between facilities on January 16 and 20, 2004, June 20 and 24, 2005, July 26, 2005, and September 26, 2005; and (2) that defendant Rabbi Mitchell Chill who oversees the Pilot Hot Kosher Meal Program at the Green Haven Correctional Facility ("Green Haven") denied plaintiff's request for a transfer to that facility because of racial animus. Defendants Paul W. Annets, Catherine Jacobsen, Joseph Lurenz, C.O. Kern and Mitchell Chill moved for summary judgment on January 28, 2008.

    The matter was referred to Magistrate Judge Andrew J. Peck for a Report and Recommendation ("Report"). Magistrate Judge Peck found that Rabbi Chill was not in a position to authorize plaintiff's transfer to Green Haven, nor did he have any personal involvement in the determination of plaintiff's request. (Report at 24-5). The magistrate judge found that plaintiff was denied Kosher meals on January 16 and 20, 2004 "because Tafari failed to notify the appropriate staff members before he left the facility that he required Kosher meals

while traveling between facilities." (Report at 37). The magistrate judge rightly held that summary judgment was appropriate with respect to plaintiff's claims related to failure to receive Kosher meals on June 20 and 24, 2005 since the moving defendants were not personally involved in the underlying events at the Washington Correctional Facility where plaintiff's meals were arranged. (Report at 38). Magistrate Judge Peck also properly concluded that plaintiff's failure to receive Kosher meals on July 26, 2005 and September 26, 2005 "constitute[s] a <u>de minimis</u>, not a substantial, interference with Tafari's free exercise of religion." (Report at 41) (emphasis in original). Moreover, Magistrate Judge Peck noted that plaintiff does not allege that he suffered any physical injuries as a result of his failure to receive the requested Kosher meals. (Report at 12, 14, 16).

In his Report, Magistrate Judge Peck informed the parties of their right to submit objections and advised them that failure to file timely objections to the Report may constitute a waiver of those objections. Plaintiff filed timely objections. Since plaintiff is proceeding *pro se,* his pleadings, including his objections, are liberally construed and interpreted to raise the strongest argument they suggest. See <u>Wheeler v. Butler</u>, 209 Fed.Appx. 14, 15 (2d Cir. 2006); <u>Lerman v. Board of Elections in the City of New York</u>, 232 F.3d 135, 139-40 (2d Cir. 2000).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within a report. 28 U.S.C. § 636(b)(1) (2006); <u>Cullen v. U.S.</u>, 194 F.3d 401, 405 (2d Cir. 1999). When the parties submit objections to a report, the Court must make a *de novo* determination of those portions of the report to which objections are raised. 28 U.S.C. § 636(b)(1)(C); <u>U.S. v. Raddatz</u>, 447 U.S. 667, 672 (1980). However, it is not necessary for the Court to conduct a *de novo* hearing on the matter. <u>Id</u>. at 676. The Court may, in its discretion, receive additional evidence or recommit the matter to the magistrate judge with further instructions. See Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(c) (2006).

Upon *de novo* review of the instant matter, this Court determined that the magistrate

judge's findings are amply supported by the both the evidentiary record and the law. This Court also finds that plaintiff's objections, which merely restate his claims, do not "set forth specific facts showing that there is a genuine issue for trial" (Fed. R. Civ. P. 56 (e)) and thus, are insufficient to defeat summary judgment.

This Court adopts the Report in its entirety. The motion for summary judgment is GRANTED.

Dated: New York, New York
October 2, 2008

SO ORDERED:

_George B. Daniels_
George B. Daniels
United States District Judge